IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dr. Cameo Aleece Green, | C/A No. 3:17-cv-00983-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Richland County Election & Voter Registration; Rokey Suleman, as Director; South Carolina Election Commission; Billy Way, Jr., as Chair Commission, | |
| Defendants. | |

Plaintiff filed this pro se action claiming the election for a Richland County Council Seat in 2016 was mishandled by Defendants. ECF No. 1. Thereafter, Plaintiff filed a Motion for Restraining Order and Declaratory Judgment, ECF No. 49, and Defendants filed a Motion for Summary Judgment, ECF No. 44. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on February 22, 2018, recommending that the Court grant Defendants' Motion for Summary Judgment and deny Plaintiff's Motion for Restraining Order and Declaratory Judgment. ECF No. 54. Plaintiff filed Objections to the Report. ECF No. 56.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. The Court is charged with making a de novo determination of only those portions of the Report

1

that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition)).

Having reviewed Plaintiff's Objections, the Court finds that Plaintiff makes a generic objection that there remains one or more genuine issues of material fact as to her claims and recounts the arguments made in her Response in Opposition to Defendants' Motion for Summary Judgment, ECF No. 48, and her Motion for Restraining Order and Declaratory Judgment, ECF No. 49. Objections to the Report must be specific, and "[f]ailure to file specific objections constitutes a waiver of a party's right to further juridical review, including appellate review, if the recommendation is accepted by the district judge." *Davenport v. Rosotti*, No. 9:06-0889-HMH, 2006 WL 1663794, at *1 (D.S.C. June 13, 2006) (citing *United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984)). However, out of an abundance of caution, the Court has reviewed the record, the applicable law, and the Report de novo and adopts the well-reasoned Report by reference in this Order. Therefore, Defendants' Motion for Summary Judgment, ECF No. 44, is **GRANTED**, and Plaintiff's Motion for Restraining Order and Declaratory Judgment, ECF No. 49, is **DENIED**. It is further ordered that this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and this case is **DISMISSED.**

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

April 13, 2018
Spartanburg, South Carolina